# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DJIBRIL H. SAMASSA, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 2:25-cv-02779-SHL-cgc |
| ) | |
| ANTHONY ALEXANDER, ) | |
|    Respondent. ) | |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 4, 2025, Petitioner Djibril H. Samassa, identification number 499388, who is incarcerated at the Shelby County Division of Corrections in Memphis, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a motion for leave to proceed in forma pauperis (ECF No. 4). Petitioner failed to include a certified copy of his inmate trust fund account statement. (*See* ECF No. 4.)

The Court ordered Samassa to either pay the $5.00 habeas filing fee or submit a certified copy of his trust fund account statement for the last six months. ("IFP Order," ECF No. 5.) Samassa filed a motion to appoint counsel. (ECF No. 6.) The Court warned in the IFP Order that if Samassa failed to comply with the order in a timely manner, the Court "may impose appropriate sanctions, up to and including dismissal of this action, without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (ECF No. 5 at PageID 15.)

Samassa has failed to comply with the Court's IFP Order, and the time for compliance has expired. He appears to have abandoned this action. Accordingly, the § 2241 petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

A district court is required to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA does not require a showing that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Samassa's claims are being dismissed for failure to prosecute. Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the petition for failure to prosecute and for non-compliance with the Court's orders. Because any appeal by Petitioner on the issues raised in his § 2241 petition does not deserve attention, the Court **DENIES** a COA.

To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.[1]

**IT IS SO ORDERED,** this 19th day of September, 2025.

                                            s/ Sheryl H. Lipman
                                            SHERYL H. LIPMAN
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Samassa files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).