IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DJIBRIL H. SAMASSA, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Civ. No. 2:25-cv-02779-SHL-cgc |
| | ) |
| ANTHONY ALEXANDER, | ) |
|     Respondent. | ) |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE, DENYING A COA, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 4, 2025, Petitioner Djibril H. Samassa, identification number 499388, who is incarcerated at the Shelby County Division of Corrections in Memphis, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 4). Samassa failed to include a certified copy of his inmate trust fund account statement. (*See* ECF No. 4.)

The Court ordered Samassa to either pay the $5.00 habeas filing fee or submit a certified copy of his trust fund account statement for the last six months. ("IFP Order," ECF No. 5.) Samassa filed a motion to appoint counsel. (ECF No. 6.) However, Samassa failed to comply with the IFP Order, and the Court dismissed the § 2241 petition without prejudice and entered judgment. (ECF Nos. 8 & 9.) Samassa filed a trust fund account statement after the entry of judgment and the Court vacated judgment, reopened the case, denied leave to proceed *in forma pauperis*, and directed Samassa to pay the habeas filing fee. ("Second IFP Order," ECF No. 11.)

The Court warned in the Second IFP Order that, "[f]ailure to pay the fee in a timely manner will result in the dismissal of this action without further notice pursuant to Federal Rule Civil Procedure 41(b) for failure to prosecute and for failure to comply with this Order." (Id. at PageID 29.)

Samassa has failed to comply with the Court's Second IFP Order, and the time for compliance has expired. Samassa appears to have abandoned this action. Accordingly, the § 2241 petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

A district court is required to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA does not require a showing that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Samassa's claims were dismissed for failure to prosecute. Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the petition for failure to prosecute and for non-compliance with the Court's orders. Because any appeal by Samassa on the issues raised in his § 2241 petition does not deserve attention, the Court **DENIES** a COA.

To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED,** this 3rd day of December, 2025.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Samassa files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).